UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Tao Liu,<br><br>        Petitioner,<br><br>   -against-<br><br>Sobin Chang et al.,<br><br>        Respondents. | 24-CV-9171 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

  Respondent Sobin Chang filed a notice of removal from New York Supreme Court on November 27, 2024. Dkt. 1. Her basis for removal is diversity of citizenship under 28 U.S.C. § 1332. The state court case, *Liu v. Chang et al.*, Index No. 656209/2020, was filed on November 12, 2020. Chang answered on March 9, 2021. *See* Answer, Liu v. Chang, Index No. 656209/2020 (N.Y. Sup. Ct. Mar. 9, 2021). In her Amended Answer, Chang wrote that "[o]n or about March 1, 2021," she "received disorganized papers with various dates and out of order 'Complaint' mixed with some packages sent up by [her building's] concierge," with the summons "hidden and . . . printed on the back of a random page, faced down, mixed with other randomly disorganized papers." Answer (Amended), Liu v. Chang, Index No. 656209/2020 (N.Y. Sup. Ct. Mar. 10, 2021). A sworn affidavit states that these documents were left with her building's doorman in December 2020 and also mailed. Affidavit of Service, Liu v. Chang, Index No. 656209/2020 (N.Y. Sup. Ct. Dec. 18, 2020). In an interim order on May 5, 2021, Justice Nervo found that "plaintiff has established proof of service of the complaint," and the case went on to be litigated in state court until November 2024.

  So despite Chang's assertion that service was improper, the state court justice who oversaw the case found that Chang had been properly served under New York law. *See also* N.Y. C.P.L.R. § 308(2) ("Personal service upon a natural person shall be made . . . by delivering the summons within the state to a person of suitable age and discretion at the . . . dwelling place or usual place of abode of the person to be served" or by "mailing the summons to the person to be served at his or her last known residence."); *F.I. Du Pont, Glore Forgan & Co. v. Chen*, 364 N.E.2d 1115, 1117 (1977) (holding that a building's doorman can be a "person of suitable age and discretion" unless the record suggests that "the duties of [that] particular doorman were other than those of the regular apartment house doorman"); Exhibit F, *Liu v. Chang*, Index No. 656209/2020 (N.Y. Sup. Ct. May 27, 2021) (showing the address Chang entered into the New York court database, which was the same address at which the process server left the documents).

28 U.S.C. § 1446(b)(1) states that "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such acting or proceeding is based." Chang was served, via her building's doorman, in December 2020 and had received and read the complaint and summons by March 2021. She only filed her notice of removal years later in November 2024, once it was clear she would not prevail in state court, which runs afoul of the removal statute. *See also Mintz & Gold LLP v. Daibes*, 2015 WL 2130935, at *7 (S.D.N.Y. May 6, 2015) ("Uniform case law holds that a defendant may not long defer filing a notice of removal while seeing how he or she fares in state court.").

In addition, 28 U.S.C. § 1441(b)(2) states that a "civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Chang states in her notice of removal that her "domicile remains in New York for purposes of jurisdiction." Dkt. 1. And "citizenship, within the meaning of the diversity statute, is determined by . . . domicile." *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). Chang thus claims to be a citizen of New York while simultaneously trying to remove a case from New York state court, which is exactly what the forum-defendant rule explicitly prohibits.

For these reasons, Chang's removal of this case is improper. The Clerk of Court is respectfully directed to remand this case to the Supreme Court of the State of New York, County of New York.

SO ORDERED.

Dated: December 13, 2024
      New York, New York

ARUN SUBRAMANIAN
United States District Judge